**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MICHAEL ANTHONY DAILEY,

Plaintiff,

v. No. 1:26-cv-02589-DHU-JFR

UNITED STATES ATTORNEY'S OFFICE FOR
THE DISTRICT OF NEW MEXICO,
UNITED STATES MARSHALS SERVICE,
AMINISTRATIVE OFFICES OF STATE OF NEW MEXICO COURTS,
BERNALILLO COUNTY,
CITY OF ALBUQUERQUE,
METROPOLITAN COURT,
SECOND JUDICIAL COURT,
ALBUQUERQUE POLICE DEPARTMENT,
BERNALILLO COUNTY SHERIFF'S OFFICE and
DOES 1-10,

Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Emergency Petition for Federal Enforcement and Protection of a Cooperating Witness Pursuant to 18 U.S.C. § 1513 without Witness Pertetion [sic], Doc. 1, filed August 6, 2026 ("Complaint"). Plaintiff states the purpose of his Emergency Petition:

> is to Notify the Court and the United States Marshal[s] Service of severe, active, systemic, and life-threatening retaliation being perpetrated against a documented federal informant, [Plaintiff] Michael Anthony Dailey, and his immediate household, following substantial assistance provided to the United States government resulting in nationwide RICO, human smuggling, and cross-state criminal convictions.

Complaint at 1. After describing his "background of joint federal cooperation" and "ongoing witness retaliation and record fraud" allegedly beginning in June 2023, Plaintiff asks for the following "immediate federal protective relief:"

A. Order the United States Marshals Service to immediately intervene, review the 5K1.1 cooperation record and FBI informant files of Plaintiff and [another person who "worked directly as an active co-informant alongside the Plaintiff"], and ensure his safety from fraudulent arrest, extrajudicial property theft, or forced psychiatric confinement;

B. Order an immediate federal investigation into the ongoing violations of 18 U.S.C. § 1513 (Witness Retaliation), 18 U.S.C. § 1708 (Mail Theft), and constitutional deprivations under *Sandin v. Conn*[*e*]*r* and *Wilkinson v. Austin*[1] being carried out by the state court clerks, federal probation officers, local municipal agents, police departments, and commercial housing operation named herein; Michael Dailey v. Robert U[l]ibarri

(iii) Coordinate via the FBI Victim-Witness Services Division to locate, protect, and secure Plaintiff's minor child in Midland, Texas.

Complaint at 6. Plaintiff does not request any other relief. *See* Complaint at 6.

United States Magistrate Judge John F. Robbenhaar notified Plaintiff of the following deficiencies in the Complaint and ordered Plaintiff to show cause why the Court should not dismiss this case:

(i) The Court cannot grant Plaintiff's "Emergency Petition" for "immediate" relief because Plaintiff has not shown that any Defendants have received notice of his request for injunctive relief and has not certified in writing any efforts Plaintiff made to give notice and any reasons why it should not be required; Rule 65 of the Federal Rules of Civil Procedure states that the Court may issue a preliminary injunction only on notice to the adverse party and may issue a temporary restraining order without notice only if the movant certifies in writing any efforts made to give notice and reasons why notice should not be required.

---

[1] *Sandin v. Conner*, 515 U.S. 472 (1995) and *Wilkinson v. Austin*, 545 U.S. 209 (2005) address the process due regarding liberty interests of prisoners.

(ii) It does not appear that the Court has jurisdiction over Plaintiff's claims against the United States Attorney's Office and the United States Marshals Service due to the Federal Government's sovereign immunity and Plaintiff's failure to cite any statutory text unequivocally expressing a waiver of the Federal Government's sovereign immunity for the claims Plaintiff is asserting against the United States Attorney's Office and the United States Marshals Service.

(iii) Third, Plaintiff fails to state claims pursuant to 18 U.S.C. § 1513, Retaliating against a witness, victim, or an informant, and 18 U.S.C. § 1708, Theft or receipt of stolen mail matter generally, because Sections 1513 and 1708 are criminal statutes; criminal statutes do not provide for private civil causes of action.

(iv) It appears Plaintiff's claims against the Albuquerque Police Department and the Bernalillo County Sheriff's Office should be dismissed because the Complaint does not show that the Albuquerque Police Department and the Bernalillo County Sheriff's Office are separate suable entities.

(v) It appears Plaintiff's municipal liability claims against the City of Albuquerque and Bernalillo County should be dismissed because the Complaint does not allege sufficient facts showing that those officers and deputies committed constitutional violations or that a City of Albuquerque or Bernalillo County policy or custom was the moving force behind any constitutional violations.

(vi) Plaintiff has not shown that the Court has jurisdiction over Plaintiff's claims against the Administrative Office of the State of New Mexico Courts, Second Judicial District Court or Metropolitan Court due to the State of New Mexico's Eleventh Amendment sovereign immunity and Plaintiff's failure to show that any of the three

> exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states apply in this case.

Order to Show Cause, Doc. 5, filed August 10, 2026. Judge Robbenhaar also ordered Plaintiff to file an amended complaint and notified Plaintiff that failure to timely show cause and file an amended complaint may result in dismissal of this case. *See* Order to Show Cause at 9. Judge Robbenhaar subsequently granted Plaintiff's motion and extended the deadline for responding to the Order to Show Cause from August 31, 2026, to October 1, 2026. *See* Order, Doc. 9, filed August 27, 2026. Plaintiff did not show cause, file an amended complaint or otherwise respond to the Order to Show Cause by the October 1, 2026, deadline.

The Court dismisses this case without prejudice because Plaintiff has not complied with Judge Robbenhaar's Order to show cause and file an amended complaint. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

**UNITED STATES DISTRICT JUDGE**